HALL LEVY DeVORE BELL OTT & KRITZ, P.A.
815 Union, P. O. Box 9
Coffeyville KS 67337
(620) 251-1300
(620) 251-9411 (facsimile)
Douglas G. Ott, #13856
dglsott@sbcglobal.net

<u>IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS</u>

| | |
|---|---|
| JOHN AND COLLEEN HUFFORD, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 07-1312-WEB |
| ) | |
| AMERICAN FAMILY MUTUAL INSURANCE ) | |
| COMPANY, PAT O'CONNELL, and/or Any of ) | |
| AMERICAN FAMILY INSURANCE GROUP OF ) | |
| COMPANIES under the NATIONAL FLOOD ) | |
| INSURANCE PROGRAM, and FRANKLIN ) | |
| CREDIT MANAGEMENT CORPORATION, ) | |
| its Successor or Assigns, ) | |
| Defendants. ) | |

**<u>PROTECTIVE ORDER</u>**

This Court, recognizing that Defendant, Pat O'Connell, and American Family Mutual Insurance Company possess confidential, non-public information contained within the insurance Policy ("Policy"), being requested by Plaintiffs, John and Colleen Hufford, as part of their Request for Production of Documents directed to Defendant, Pat O'Connell, and which may be subject to further discovery in the proceedings in this matter, but which should not be disclosed publicly, hereby orders that:

1. The Policy, produced by Defendant, Pat O'Connell, with responses to Plaintiffs' discovery requests, and the information contained therein, shall be revealed, except as provided for below, only to counsel in this case.

2. Counsel for any party other than Defendant, Pat O'Connell, shall use the Policy solely for the purpose for preparation for the trial of this civil action. Under no circumstances shall materials covered by this Protective Order be disclosed to anyone other than counsel in this action, prospective or actual witnesses, including any expert retained by counsel for the Plaintiffs, Defendant Pat O'Connell, and employees of each of them. Disclosure to all witnesses and experts and their employees may only be done as provided for below.

3. The provisions of this Order shall not terminate at the conclusion of this action. Within ninety (90) days after the conclusion of this action, all materials covered by this Protective Order, including any and all copies of the Policy, and any documents containing extracts or summaries of these items, shall be referred and returned to Douglas G. Ott, 815 Union, P. O. Box 9, Coffeyville, Kansas 67337. All documents containing information from the Policy subject to this Order, which also contain Attorney Work Product, shall be destroyed within ninety (90) days after the conclusion of this action by counsel.

4. If counsel for any party other than Defendant, Pat O'Connell, determines that for purposes of this action, that the Policy, or documents containing summaries of this item, must be revealed to a prospective or actual witness, including any expert employed by counsel, then counsel may reveal the documents to such person after first complying with the following:

   A. Counsel shall have the prospective or actual witness (including any expert), as well as any employee of any such prospective or actual witness, read this Protective Order and shall explain the contents thereof to such witness, who shall sign a copy of this Order signifying agreement to be bound by all of its terms, before viewing the Policy, or any documents containing extracts or summaries of this document.

B.   A deponent may during a deposition be shown, and examined about, the Policy, or any documents containing extracts or summaries of this document, if the provisions of 4(A) are complied with.  Any information about the Policy contained within any deposition transcript shall be designated by underlining the portions of the pages that are confidential and marking such pages "Confidential."

C.   Although the Policy may be inadmissible at trial for any purpose, should the Policy, and documents containing extracts or summaries or containing information taken from these documents, be utilized as exhibits at trial, whether admitted into evidence or not, the parties may request that said items be impounded by Order of this Court to be returned immediately following final Judgment as provided in paragraph 3.  This Protective Order, however, does not rule on any such request for an Order of impoundment of trial materials, and whether such an Order will be entered remains in the sole discretion of the trial judge.

D.   Although the Policy may be inadmissible at trial for any purpose, the parties may request that any portions of the trial transcript containing information regarding these confidential documents used at trial for any purpose shall be considered confidential and shall be used solely in this action.  This Protective Order, however, does not rule on any such request for an Order concerning the confidentiality of any portion of the trial transcript, and whether such an Order will be entered remains in the sole discretion of the trial judge.

Counsel and any retained experts shall be responsible for security of said documents and shall not show or reveal their contents to associates or their employees, whose involvement in this case is not required.  Employees or associates of counsel and actual or prospective witnesses, including expert witnesses, shall be given access to confidential information and documents only after having acknowledged the provisions and requirements of this Order and having complied with paragraph 4.

IT IS SO ORDERED.

Dated this 22nd day of February, 2008, at Wichita, Kansas.

  s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
U. S. Magistrate Judge

SUBMITTED BY:

HALL LEVY DeVORE BELL OTT & KRITZ
815 Union, P. O. Box 9
Coffeyville KS 67337
(620) 251-1300

By:   /s/ Douglas G. Ott
      Attorneys for Defendant Pat O'Connell
      Supreme Court No. 13856