# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN AND COLLEEN HUFFORD, | ) |
| | ) |
| Plaintiffs, | ) Case No. 07-1312-WEB |
| | ) |
| v. | ) |
| | ) |
| AMERICAN FAMILY MUTUAL INSURANCE | ) |
| COMPANY, et al., | ) |

## PROTECTIVE ORDER

Defendants, Franklin Credit Management Corporation, Pat O'Connell, and American Family Mutual Insurance Company possess documents that include proprietary, confidential and non-public information which is expected to be disclosed in this case. Specifically, this type of information is contained within the insurance Policy ("Policy"), being requested by Plaintiffs, John and Colleen Hufford, as part of their Request for Production of Documents directed to Defendant, Pat O'Connell, and such proprietary information is also contained in Defendant Franklin Credit Management Corporation's documents exhibiting contractual agreements ("Contract") between Franklin Credit Management Corporation and Bayview Loan Servicing, L.L.C. for the purchase loans. The above mentioned documents may be subject to further discovery in the proceedings in this matter, but which should not be disclosed publicly. In recognizing the obligations of the parties to produce documents that may be privileged or proprietary, this Court hereby orders that:

1. The Policy, produced by Defendant, Pat O'Connell, the Contract, produced by Defendant Franklin Credit Management Corporation and the information contained in both of these documents, shall be revealed, except as provided for below, only to counsel in this case.

2. Counsel for any party other than the disclosing party, shall use the Policy and/or Contract solely for the purpose for preparation for the trial of this civil action. Under no circumstances shall materials covered by this Protective Order be disclosed to anyone other than counsel in this action, prospective or actual witnesses, including any expert retained by counsel for the Plaintiffs, Defendant Pat O'Connell, and employees of each of them. Disclosure to all witnesses and experts and their employees may only be done as provided for below.

3. The provisions of this Order shall not terminate at the conclusion of this action. Within ninety (90) days after the conclusion of this action, all materials covered by this Protective Order, including any and all copies of the Policy, and any documents containing extracts or summaries of these items, shall be referred and returned to Douglas G. Ott, 815 Union, P. O. Box 9, Coffeyville, Kansas 67337. Any and all copies of the Contract and any documents containing extracts or summaries of these items shall likewise be referred and returned to Bradley S. Anderson, 6363 College Blvd., Suite 100, Overland Park, KS 66211. All documents containing information from the Policy and Contract subject to this Order, which also contain Attorney Work Product, shall be destroyed within ninety (90) days after the conclusion of this action by counsel.

4. If counsel for any party other than the disclosing party, determines that for purposes of this action, that the Policy, Contract, or documents containing summaries of these items, must be revealed to a prospective or actual witness, including any expert employed by counsel, then counsel may reveal the documents to such person after first complying with the following:

    A. Counsel shall have the prospective or actual witness (including any expert), as well as any employee of any such prospective or actual witness, read this Protective Order and shall explain the contents thereof to such witness, who shall sign a copy of this Order

signifying agreement to be bound by all of its terms, before viewing the Policy or Contract, or any documents containing extracts or summaries of these documents.

B.   A deponent may during a deposition be shown, and examined about, the Policy, the Contract, or any documents containing extracts or summaries of these documents, if the provisions of 4(A) are complied with. Any information about the Policy or the Contract contained within any deposition transcript shall be designated by underlining the portions of the pages that are confidential and marking such pages "Confidential."

C.   Although the Policy or the Contract may be inadmissible at trial for any purpose, should the Policy, and documents containing extracts or summaries or containing information taken from these documents, be utilized as exhibits at trial, whether admitted into evidence or not, the parties may request that said items be impounded by Order of this Court to be returned immediately following final Judgment as provided in paragraph 3 above. This Protective Order, however, does not rule on any such request for an Order of impoundment of trial materials, and whether such an Order will be entered remains in the sole discretion of the trial judge.

D.   Although the Policy or the Contract should be inadmissible at trial for any purpose, any portions of the trial transcript containing information regarding these confidential documents used at trial for any purpose shall be considered confidential and shall be used solely in this action. This Protective Order, however, does not rule on any such request for an Order concerning the confidentiality of any portion of the trial transcript, and whether such an Order will be entered remains in the sole discretion of the trial judge.

Counsel and any retained experts shall be responsible for security of said documents and shall not show or reveal their contents to associates or their employees, whose involvement in this case is not required. Employees or associates of counsel and actual or prospective witnesses, including expert witnesses, shall be given access to confidential information and documents only after having acknowledged the provisions and requirements of this Order and having complied with paragraph 4.

IT IS SO ORDERED

Dated this 7th day of March, 2008, at Wichita, Kansas.

   s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
U. S. Magistrate Judge

TENDERED AND STIPULATED:

s/ Bradley S. Anderson
Bradley S. Anderson        KS#20436
South & Associates, P.C.
6363 College Boulevard, Suite 100
Overland Park, KS  66211
Telephone:  (913) 663-7643
Facsimile:   (913) 663-7899
*Attorney for Defendant*
*Franklin Credit Management*

s/ William J. Pauzauskie
William J. Pauzauskie        KS# 12744
216 Southwest 7th Street
Topeka, KS  66603
Telephone : (785) 233-8600
Facsimile: (785) 233-8604
*Attorney for Plaintiffs*
*John and Colleen Hufford*

s/ Douglas G. Ott
Douglas G. Ott            KS#13856
Hall, Levy, DeVore, Bell, Ott & Kritz, P.A.
815 Union
P.O. Box 9
Coffeyville, KS  67337
Telephone: (620) 251-1300

Facsimile: (620) 251-9411
*Local Counsel for Defendant*
*American Family Mutual Insurance*
*Company*

s/ Mary Ellen Wyatt
Mary Ellen Wyatt        LA#30805
Nielsen Law Firm, L.L.C.
3838 N. Causeway Blvd., Suite 2850
Metairie, LA 70002
Telephone: (504) 837-2500
                    Facsimile:
                    (504) 832-9165
*National Counsel for Defendant*
*American Family Mutual Insurance*
*Company*